(No. 80-CV-0208—■)

*In re* APPLICATION OF AMOS BARNES.

*Order filed August 13, 1980.*

AMOS BARNES, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an alleged incident that occurred on April 29, 1979. Amos Barnes, Claimant, seeks compensation pursuant to the provisions of. the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant alleges that on April 29, 1979, he was struck by an unknown offender during the course of a robbery. The incident occurred in the stairway of the apartment building located at 8 South St. Louis, Chicago, Illinois. The Claimant was taken to Cook County Hospital. The Claimant did not report the incident to the police until May 25, 1979, which is 26 days after the alleged incident. Police investigation, through a subsequent interview, revealed that the Claimant had been drinking the night of the alleged incident, and that he apparently lost consciousness as he was walking up the stairs at the above address. A neighbor heard him screaming and called the police, who took him to Cook County Hospital. According to medical records reviewed by the officer, the Claimant was treated for severe alcoholism, delirium tremors, and a drug overdose. When asked why he had waited 26 days to file a police report, the Claimant stated that he would not have gone to the police except that he needed the report to collect insurance benefits, and also that he was told he could collect

money from the State of Illinois if he were injured in a robbery. Due to the victim's statement given to the officer, the medical report from Cook County Hospital and lapse of 26 days between the alleged incident and the Claimant reporting said incident to police, the case was unfounded as no crime occurred.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2 (c) of the Act.

3. That it appears from the investigatory report and the police report that the Claimant was not a victim of one of the violent crimes specifically set forth under section 2(c) under the Act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is, hereby denied.